FEDERAL DISTRICT COURT
EASTERN DISTRICT
STATE OF NEW YORK

ORIGINAL

Plaintiff,

**CV 16         01986**

Bahji Adams

v.                              MATSUMOTO, J.

Defendant,                        BLOOM, M.J.

RECEIVED
APR 19 2016
PRO SE OFFICE

Delta Airlines, Inc.
Richard Anderson, as acting CEO on behalf of Delta Airlines, Inc.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes, NOW, Bahji Adams, pro se, pleads, demonstrates, and tenders the following complaint for relief and damages under the actions arising pursuant to the Tort Claims Act, the United States Civil Rights Act, 42 U.S.C.A 1983 and 1988, The American with Disability Act, the Rehabilitation Act of 1990 amended 2008, et. seq., the STATE OF NEW YORK Civil Rights Act, and state common law, pursuant to the American with Disabilities Act 12321, et. Seq. and the Rehabilitation Act of 1990 Amended 2008, et. al. Actions arising under the State of New York. Pursuant to C.F.R. 35.134, 1630.12, 36.206; 42 U.S.C. 12203. The claims based on acts and omissions relating to incidents that occurred at the employment of Delta Airlines, JFK International Airport, New York, here referred to as the base of JFK, situating in the City of Long Island, State of New York. Complaint for violation of federal employment states, common-law invasion of privacy.

## JURY DEMAND

Jury Demand is herein demand pursuant to the United States Constitution and Federal

Statutory Law.

1

[ ] ORIGINAL



RECEIVED

PRO SE OFFICE

MATSUMOTO, J.

BLOOM, M.J.

## JURISDICTION AND VENUE

1. The COURT had diversity of citizenship jurisdiction pursuant to 28 U.S.C. 1332 as the amount in controversy herein exceeds seventy-five thousand dollars ($75,000.00) and all parties as hereinafter set forth have diverse citizenship.

2. The Court has supplemental subject matter jurisdiction of the pendent state law claims under 28 U.S.C. 1367.

3. Venue is proper pursuant to 28 U.S.C 1391(a)(2) as all or substantially all of the transactions, acts, practices, events, courses of business or omissions constituting the violations complained herein occurred within the jurisdiction of the United States District for the District of New York Eastern.

## PARTIES

1. Plaintiff, Bahji Adams is an individual who resides in Burlington, Vermont, Chittenden County, State of Vermont. Bahji Adams is a qualified individual with disabilities, with physical impairments that are permanent, lasting for the duration of her life and which are not temporary in medical nature. Plaintiff is able to perform ACS positions, seasonal positions, in addition to Flight Attendant positions non-bilingual, per her work-history. Plaintiff is able to perform these with and without accommodations. She has a general ability to perform the job requirements with or without accommodations, and Delta, Inc. denied Plaintiff the right to perform and refused to supply vacant positions and opportunities to Plaintiff, denying Plaintiff her current position of seasonal RR ACS, and the position of applied Flight Attendant bilingual vacancies. Furthermore, non-disabled individuals with no prior aviation experience or Flight Attendant experience were hired instead, thus less qualified candidates.

2

2. Defendant, Delta Airlines, Inc. is incorporated in the State of Georgia, with the principal place of corporate offices and operations in the State of Georgia, with licenses to conduct business in the State of New York.

3. Bahji Adams, hiring and interview was in the State of New York and all actions taken in opposition to Adams standing rights were committed at JFK International Airport, State of New York.

4. Defendant Richard Anderson, is the executive director, acting CEO of Delta Airlines, Inc. At all times relevant to this action, he was employed as the acting CEO as its Executive director. Stephine Baldwin, at all relevant times was employed and acting Director of Operations Above the Wing, JFK International Airport at JFK. Jane Doe and John Doe are for motions to join proper parties to the claim, as employees of Delta Airlines, Inc. for hiring of InFlight Flight Attendant and Human Resources as agents acting on behalf of Delta Airlines, Inc at all relevant times.

5. Delta Airlines, is a recipient of federal funds and subject to the governing principle laws pursuant to the American with Disabilities Act, the Rehabilitation Act of 1990 amended 2008, and the above laws giving jurisdictional authority to this court for resolution of the matters contained in this complaint.

6. At all times relevant to this complaint, all defendants named in the complaint did act with indifference, unwarranted discriminatory actions, and refusal to afford Adams reasonable accommodations under federal and state laws, referenced herein.

7. At all times relevant to this complaint, the defendants acted pursuant to a policy or custom of Delta Airlines, Inc.

8. Bahji Adams is a qualified individual with one or more limiting impairments.

3

9.  The request that Plaintiff requested is reasonable and available in other Delta stations, used by other employees, and standing on their own without employees, on display for the general public, would have allowed for Plaintiff to perform the essential job functions in compliance with Title I of the American with Disabilities Act (a) making existing facilities used by employees readily accessible and usable to individuals with disabilities; (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification to equipment or devices, appropriate adjustment or modification of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

10. On or about September 3rd, 2014, Sean J. McKinley on behalf of Delta Airlines, Inc. offered a workers compensation settlement for the amount of lost wages around $7,000.00. When the Plaintiff requested to see the language of the settlement agreement and brought to Sean's attention of non-waiver to settlement of other legal standing, grounds for claims, such as contained herein, Sean, on behalf of Delta Airlines, Inc. did clarify that Delta would want all claims settled, all inclusive. Plaintiff declined to settle the ADA claims in the workers comp claims.

11. Effective July, 2014-2016 Delta Flight Attendant positions were vacant and available and Plaintiff expressed interest in such. Plaintiff furthermore, requested with Atlanta accommodations on how to proceed with acquiring such positions as a reasonable accommodations. the response was that they would attempt to return her to her prior position, which the accommodation was a disability leave, turned to a medical leave, with no accommodations. The Flight Attendant position would allow for the accommodation of ability to sit, stand, stretch, take breaks, all reasonable request.

4

12. The approximate cause of Delta employees, and staff regarding the refusal to afford
Plaintiff both reasonable accommodations for performance of job functions, or the vacant
positions, for which she is qualified for is indifference and intent to discriminate against
Adams.

13. Plaintiff submitted an EEOC charge number 523-2015-00068; the EEOC provided a
Right to Sue letter effective JAN 19, 2016.

14. The actions and omissions complained of herein occurred within the Judicial District in
the County of Queens County, Southeastern.

### FACTS

8. On or about April 27th, 2013, plaintiff was duly appointed and offered a seasonal
position with Delta Airlines, Inc, JFK, ACS, ready-reserve. Plaintiff worked the Seasonal position
at JFK for the Seasonal year of 2013 and returned for the seasonal year and worked until June
20th, 2014, when JFK supervisor sent Plaintiff home from work.

9. As part of Plaintiff's training for her employment as a ACS, RR, SP, she was required
to complete two weeks of computer based training for check-in procedures, rebooking,
gate-ready for boarding procedures. She also had prior Delta training with boarding procedures
with her employment with Regional Elite, Delta Airlines, Inc. Subsidiary, which was later
dissolved.

10. In accordance with this requirement and as a prerequisite to continue employment
with Delta, plaintiff completed two weeks of training, and recurrent training yearly.

11. On May 2015 or thereabout, plaintiff attended that yearly recurrent-training.

12. On or about May 2015, plaintiff began her seasonal RR ACS position at JFK. Plaintiff
was assigned the same recurring position of standing in one position, known as a greeter, to
direct passengers to the proper security lines, liaison on behalf of Delta Airlines, Inc. She was

5

also placed at check-in counters in a similar facet, where she was placed in a standing position for 2 or more hours at a time. Plaintiff began to develop repetitive-strain on her right knee due to the weight-bearing and prolonged standing in one position without the ability to move around.

13. Plaintiff on or about May 31st, 2015, brought to her supervisor's attention the issue of pain in her left knee. A workers comp was filed shortly after, due to inability of upper management to respond, although notified verbally on 31MAY15 to the supervisor on duty.

14. Plaintiff attended a doctor's visit, which restricted her prolonged standing ability, requested the ability to be able to walk around.

15. Plaintiff continued work, making request for breaks, or taking breaks when the check-in rush was at its lowest to assist with pain-management.

16. On or about 20JUNE15, when Plaintiff requested the ability to be able to sit-down to get off her knee, and presented the work restrictions, that had been previously provided to Delta supervisors, she was sent home from work, with no return date. She was informed she would be required to call-in-sick for those days she missed.

17. Plaintiff made a reasonable accommodations request with Delta Airlines, Inc. and the meeting for the reasonable accommodations was set for August 21st, 2015 or thereabout, the end, or near-end of seasonal RR obligation.

18. On August 21st, 2015 or thereabouts, it was the decision of Delta Air Lines,Inc. to place Adams on short-term disability leave which was converted to a medical leave effective September or thereabout 2015.

19. Adams was denied the benefit of working for the month in which it took to set up the meeting, was denied reasonable accommodations due to the request of a chair and desk, which are located at two other Delta bases, LGA and ATL, and by being forced to be on medical leave has been denied the benefit of delta flight benefits, profit-sharing, and any overtime.

20. Adams has furthermore applied as a Flight Attendant, three times, non-bilingual speaking multiple times, is qualified for such position, and has continually been rejected, while individuals with no prior Flight Attendant experience have been offered positions.

21. In the Flight Attendant interviews, she was unable to use notes for interview questions, although and the interview made reference to her physical appearance of the actress Amy Adams. The interview, felt as though he was, "interviewing Amy Adams". Exhibit E

22. July 2nd, 2014, Delta employees at ATL sitting down with portable desk stations, saying, "Let me Help you." see attached exhibit A, B, C.

23. July 9th, 2014, The same portable stations are also located in LGA, and these same stations were a reasonable accommodation request which was denied to Plaintiff. This station isn't even being used by Delta staff at this time. D

24. Several attempts for Inflight-Flight Attendant position and interview were made, all with a "no-thank-you and we are going with more qualified candidates".

COUNT I.

TITLE VII OF CIVIL RIGHTS ACT OF 1964, 1991, EQUAL EMPLOYMENT

OPPORTUNITY ACT OF 1972 (42 U.S.C.S 2000e et. seq.)

25. Delta Airlines, Inc. effective 20JUN14 did send Adams home without pay and effective August 20th, 2014 a meeting to discuss reasonable accommodations was held via phone, in which Delta denied plaintiff the request for the work-stations, already provided to employees and placed Adams on short-term disability leave which was converted to an unpaid medical leave.

26. Pursuant to Delta policy, being forced onto an unpaid medical leave, Plaintiff was denied the benefit of employment, wages as a direct result of such, denied open vacant positions, of which she is qualified for, and denied pro-fit-sharing and other fringe benefits

(rewards and flight pass benefits), other employees enjoyed who are active during the seasonal year. When Delta placed Plaintiff on medical leave she was enjoined by company policy and denied access to work and work-benefits that other employees similar suited enjoyed.

27. Actual Injury was loss wages, to be determined by seasonal work hours, over-time, other job vacancies, pro-fit-sharing, and flight benefits, reluctance of employer to hire the plaintiff for other positions which she is qualified for.

28. Plaintiff reasserts and realleges the averments contained in paragraphs 1 through 30.

29. Defendants, are employees of Delta Airlines, Inc., acting as upper management of Delta Airlines, Inc.

30. Defendants at all times relevant to this complaint were acting within the scope of their employment with Delta Airlines, Inc.

31. Pursuant to Delta Airlines, Inc, policies, procedures, did deny Plaintiff in writing and such defendants have failed to act in regards to the American with Disabilities Act 1990, Rehabilitation Act of 1990 amended 2008 et. seq. regarding plaintiff's employment.

## COUNT II

### AMERICAN WITH DISABILITY ACT 1990

32. Plaintiff reasserts and realleges the averments contained in paragraphs 1 thru 31.

33. The persons responsible for supervising the individuals defendants named in the above in their conduct of their duties at Delta Airlines, Inc. is Richard Anderson, Acting CEO on behalf of Delta Airlines, Inc. were defendants, Director of JFK Station, Manager of Human Resources, are employees of Delta Airlines, Inc. acting on its behalf and to act in accordance with ADA statues.

8

34. At all relevant times, Director of JFK Station manager, Inflight Management, knew or in the exercise of due care should have known of the discriminatory actions and failure to perform and denial to Plaintiff reasonable accommodations, and positions which she is qualified for and able to perform by the practices of the employee on behalf of Delta Airlines, Inc.

35. Defendants, Director of JFK, Inflight Hiring and Training, Human Resources, knew or should have known that the manner in which they conducted the policies, short-term leave, and unpaid medical leave, failure to provide vacant positions which Plaintiff is qualified for, would likely result in plaintiff experiencing emotional distress, pain, and suffering. The conduct of the individual defendants named above was extreme, outrageous, indecent, and intolerable. As a result of the conduct of defendants, Director of JFK, Human REsources, Inflight Hiring and Training, plaintiff suffered severe emotional distress. As a consequence of the negligent conduct, Plaintiff was injured.

36. Wherefore, plaintiff demands judgment against defendants, Delta Airlines,Inc pursuant to the American with Disabilities Act of 1990, 42 U.S.C. 12321, 42 U.S.C. 2000e, for such sums as the court deems just and proper, plus interest, costs, and attorney's fees.

## COUNT III

### REHABILITATION ACT OF 504 1990, amended 2008 of the Civil Rights Act

37. Plaintiff reasserts and realleges the averments contained in paragraphs 1 thru 37.

38. The persons responsible for supervising the individual defendants is Richard Anderson, CEO of Delta Airlines, at all relevant times to this complaint who knew or should have known, or in the exercise of due care should have known that the policies regimen and practices in use at Delta Airlines, Inc were in violation of the Rehabilitation Act of 504 of the Civil Rights Act, hereinafter RE.

9

39. As a result of the conduct of defendants, Richard Anderson, CEO, Director JFK, Inflight Hiring and Training, plaintiff suffered severe emotional distress.

Wherefore, plaintiff demands judgment against defendant Richard Anderson, on behalf of CEO for Delta Airlines, Inc. for such sums as the court deems just and proper, plus interest, costs, and attorney's fees.

### COUNT IV.

#### Hostile Work Environment/Retaliation

40. Plaintiff reasserts and realleges the averments contained in paragraphs 1 thru 39.

41. As a result of the conduct of the defendants, Richard Anderson, CEO, Jane Doe, and John Doe, on behalf of Delta Airlines, Inc., plaintiff suffered severe and emotional distress, financial lose, fringe benefits,

Wherefore, plaintiff demands judgment against defendant for such sums as the court deems just and proper, plus interest, costs, fringe benefits, flight benefits, and attorney fees.

### COUNT V.

#### ADA 28 C.F.R. 35.134, 28 C.F.R 28 36.206, CFR 29 1630.12

42. Plaintiff reasserts and realleges the averments contained in paragraphs 1 thru 41.

43. Defendants, Richard Anderson, Director of JFK ACS, Human Resources, at all times relevant to this complaint were acting under the color of the statutes, customs, and usage of Delta Airlines, Inc policies, practices, and procedures.

44. Defendants, by forcing plaintiff to undergo vigorous physical activity, without accommodations made Plaintiff force between requesting reasonable accommodations or being isolated from sustainable gainful employment, engaging in disciplinary action, verbal abuse, and intimidation of plaintiff while depriving plaintiff of adequate rest and sufficient water and other fluids, deprived plaintiff of her constitutional right to be free of bodily harm without due process

of law in violation of her rights under the American with Disability Act, RA, under the Constitution and the Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. A. 1983.

Wherefore, plaintiff demands judgment against defendant, Delta Airlines,Inc for such sums as the court deems just and proper, punitive damages, plus interest, costs, and attorney's fees.

COUNT VI.

42 U.S.C 12321

45. Plaintiff reasserts and realleges the averments contained in paragraphs 1 through 44.

46. Defendant, Director of JFK, Jane Doe, and John Doe, deprived plaintiff of her constitutional rights as protected by 42 U.S.C.A. 1983.

Wherefore, plaintiff demands judgement against Defendant, Jane Doe, John Doe, for such sums as the court deems just and proper, punitive damages, plus cost, and attorney's fees.

Wherefore, Plaintiff request and pray for relief the following,

1. nominal damages by evidence to be presented
2. actual damages, to include fringe benefits, future fringe benefits in finding by evidence to be presented
3. emotional distress, and physical distress in finding by evidence to be presented
4. special damages in finding by evidence presented
5. punitive damages based upon evidence to be presented
6. attorney fees and cost associated with bringing this claims

11

7. cost from reinstatement of position, and instatement of inflight flight attendant position

8. wages from lose of transferring of positions

9. any other relief this court deems proper and in the interest of justice.

Respectfully submitted,

B. Amelia Adams

10 North Champlain St. 521

Burlington, VT 05401

April 15, 2016











Plaintiff's
C







 Gmail

A Adams <badamslove@gmail.com>

---

## Fwd: Accommodation Program

---

**baadamslove** <thehouseofbahji@gmail.com>
To: A Adams <badamslove@gmail.com>

Fri, Apr 15, 2016 at 1:35 PM

Begin forwarded message:

**From:** "Adams, Bahji" <bahji.adams@delta.com>
**Date:** August 13, 2014 at 17:24:28 EDT
**To:** "Thehouseofbahji@gmail.com" <Thehouseofbahji@gmail.com>
**Subject: FW: Accommodation Program**

---

From: Adams, Bahji
Sent: Sunday, August 03, 2014 5:10 PM
To: Greene, Annelyse M
Subject: RE: Accommodation Program

Hello Ms. Annelyse Greene,

Please allow this email to follow-up regarding the packet of information requested via mail. It is my understanding that Delta will be offering Flight Attendant positions in the upcoming future and I would like to see how your services can assist this career path, as the majority of my work experience reflects Flight Attendant experience from prior companies. Would I be required to fill out another packet? How would Delta request I been this process to prepare for present barrier, challenged with two face-to-face interviews, and no successful offer. Logic would state that two interviews and no offer, there must be something that can be worked on in order to be more successful in the future. Please let me know how your office wishes to proceed with this new and separate request.

Best Regards,

Bahji Adams
29214

---

From: Greene, Annelyse M
Sent: Thursday, July 17, 2014 1:37 PM
To: Adams, Bahji
Subject: Accommodation Program

Hello Bahji,



As you have requested, please see the attached accommodation packet and employee guidelines for your review, completion, and return to proceed with the accommodation assessment process.

Thanks,

Annelyse Greene

_____

Delta Air Lines, Inc.
Equal Opportunity Accommodations Specialist
Accommodations Program
(404) 715-1163 | Office
(404) 677-3901 | Fax

This email communication, including any attached files, may contain material that is
proprietary, privileged, confidential or otherwise legally exempt from disclosure. This
communication is intended solely for the use of the individual or entity to which it is
addressed. If you are not the intended recipient or the person responsible for delivering this
communication to the intended recipient, you are prohibited from retaining, using,
disseminating, forwarding, printing or copying this communication. If you have received this
communication in error, please immediately notify the sender via return email or telephone.

FEDERAL DISTRICT COURT
EASTERN DISTRICT
STATE OF NEW YORK



Plaintiff,

Bahji Adams



v.

Defendant,

Delta Airlines, Inc.
Richard Anderson, as acting CEO on behalf of Delta Airlines, Inc, et. al.

## STATEMENT OF RECEIPT OF EEOC RIGHT TO SUE

Please allow this statement to address the legal memorandum pertaining to the "receiving" of the Application In Forma Pauperis and the Complaint within the statute of limitations for the EEOC charge, Right to Sue Letter and the personal injury statute of limitations.

The EEOC effective January 19th, 2016 provided the Right to Sue Letter, mailed January 19th, 2016 by the EEOC to Bahji Adams at address 733 North Ave, Burlington, VT 05408.

Bahji Adams was evicted from her then primary residence at 733 North Ave, Burlington, VT 05408 effective Jan. 15th, 2016. Due to the wholly destitution, homelessness of Ms. Adams, she filed with the Burlington, Postal Office, for General Delivery.

Bahji due to her wholly destitution, was unable to have access to any mail until after Feb. 05th, 2016. Effective Feb. 05th, 2016, Bahji Adams secured housing, via the Public Trust of Burlington. Bahji Adams is being forced to accept and participate in welfare at the present time due to her wholly destitution. She has no money, income in which to secure or pay deposit or cost thereof in association with this claim, she humbly and respectfully request the court grant the attached Application for Pauperis

### Memorandum of filing within Statute of Limitations

Case law for the second circuit, as well as the First, Third, Fifth, Seventh, Tenth, and District of Columbia, support the position, *See Shabazz v. Cole, 69* F. Supp. 2d 177, 191 (D.Mass 1999)["The Plaintiff's] complaint, for statute of limitations purposes was filed on...the date it was received by the clerk's office." *see* also *Bishop v. Apfel, 91 F. Supp.* 2d 893, 894 (W.D. Va. 2000). ("[The best rule is that where the plaintiff submits an IFP application, the

1

relevant period of limitations is suspended until the court rules on the application.") *Gibbs v. Barnhart, No.* 2:04CV00056, 2005 EL 283205 (unpublished opinion) ("This court has held that where a complaint is submitted with an application to proceed in forma pauperis, the time elapsed between that date and the date the application is acted upon is not counted against the state of limitations.")

Court's holding, deeming a plaintiff's complaint constructively filed as of the date the clerk received the complaint.

Wherefore, Adams prays for relief to proceed In Forma Pauperis,

Respectfully submitted,

*B. Dalec*

B. Amelia Adams
April 15th, 2016
10 North Champlain St.
Burlington, VT
05401

2

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number:  (866) 408-8075
Boston Direct Dial:  (617) 565-4805
Boston Direct Line:  (617) 565-3200
TTY:  (617) 565-3204
FAX:  (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

Ms. Bahji Adams
733 North Avenue
Burlington, VT 05408

Re: Charge Number: 523-2015-00068,  Bahji Adams       v.     Delta Air Lines Inc.
                                    Charging Party            Respondent

Dear Ms. Adams:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted.  You allege you were subjected to employment discrimination in violation of the Americans with  Disabilities Act of 1990, as amended, by Delta Air Lines, Inc., hereinafter referred to as Respondent, in that because of your disability, you were denied a reasonable accommodation and placed on a unpaid medical leave of absence thereby excluding you from benefits you would have been entitled to as a seasonal employee.

Based upon an analysis of the information received, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent.  This does not certify that Respondent is in compliance with the statutes.  No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice.  Otherwise, your right to sue will be lost.

On Behalf of the Commission:

JAN 1 9 2016
_____
Date

_____
Feng K. An, Area Director

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Bahji Adams**<br>**733 North Avenue**<br>**Burlington, VT 05408** | From: **Boston Area Office**<br>**John F. Kennedy Fed Bldg**<br>**Government Ctr, Room 475**<br>**Boston, MA 02203** |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2015-00068** | **Linda E. Ingle,**<br>**Investigator** | **(617) 565-3194** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Feng K. An,**
**Area Office Director**

JAN 1 9 2016

*(Date Mailed)*

cc:

**Ryan Langel, Special Counsel**
**DELTA AIR LINES, INC.**
**1030 Delta Blvd**
**Boston, MA 02128**
**Attn: Legal Department 981**