NEW YORK DISTRICT COURT
DISTRICT OF ~~SOUTHERN~~ Eastern NEW YORK

Bahji Adams

V.

NO. 16-CV-01986(KAM)

Delta Airlines, Inc., et.el.

REQUEST FOR JUDICIAL NOTICE

The following case was filed by the EEOC Arizona Division against American Airlines, effective November 3rd, 2017. Case 2:17-cv-04059-SPL Doc. 1 pg. 1 of 10, "This action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to…", further stating, "as alleged with greater particularity below, Defendants engaged in a pattern or practice of violating the ADA by refusing to accommodate employees with disabilities, terminating employees with disabilities, and failing to rehire employees. Defendant's actions followed a 100% return-to work policy that requires employees to return to work without restrictions." The EEOC, the government agency charged with investigating ADA, 504 RA, and retaliation claims against corporations alleges that, no. 11, "defendants have had a 100% return-to-work policy that requires employees to return to work without restrictions."

The EEOC further, alleges such acts are in violation of the ADA, in addition to, "have had a policy that requires employees who are no longer able to do their job without reasonable accommodations to find other jobs, to compete for other jobs without regard to reassignment as a reasonable accommodation." (no. 12).

The EEOC, specifically, in the complaint explains a list of "aggrieved individuals", having "disabilities" within the meaning of the ADA, 42 U.S.C. 12101(2), including, for example: "a knee injury…, "back injury".



1

The EEOC explains, that defendants, "did not provide a stool behind the ticket counter to accommodate an employee with a standing restriction:", also, requiring, "individuals that they could not return to work until they had no restrictions related to their injuries and/or disabilities;", as well as requiring "individuals to apply for and compete for vacant positions instead of considering reassignment as a reasonable accommodation", placing the aggrieved individuals on unpaid leave, thus denying accommodations, denying transfers, and placing them on forced leaves and refusal for rehire.

Theses issues and facts are dispositive to the claims before the court.

1. The requirement to maintain a 100% return to work policy that required employees to return to work without restrictions is a continuing practice and policy of failing to accommodate employees, 42 U.S.C.12112(a) and (b)(5)(a)

2. The the defendants denied charging parties, who could perform the essential job functions of positions obtained through reassignment, as a continuing practice and policy for failing to accommodate employees.

3. The EEOC claims, these actions are also patterns and practice of disparate treatment 42 U.S.C. 12112(a) and (b)(5)(B).

The EEOC sought relief by providing compensation for past and future non pecuniary losses resulting from the unlawful practices compliance of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial. The EEOC also sought, punitive damages, for the malicious and reckless conduct to be determined at trial. Also seeking relief as the Court deems necessary and proper.

The reason for telling the story of the "Almanac Trial" is two-fold. The first is that judicial notice is valuable. The second reason for the story is that by using judicial notice, *Lincoln* won the case. Once called the "*deus ex machina of evidence*," judicial notice provides a shortcut that is not only more efficient, but also more commanding than ordinary evidence.

Judicial notice has long-standing roots. Based on the ancient adage *manifesta non indigent probation*, or "what is known need not be proved," judicial notice is one of the oldest doctrines in common law history. Originally, judicial notice was a tool of convenience, used by trial judges with broad authority based on their own common knowledge. Judicial notice can help establish important facts beyond dispute, and more significantly, help establish facts decisively.

*Dingle v. Bioport;* The court observed that "public records and government documents available from reliable sources on the internet" are "generally considered 'not to be subject to reasonable dispute."

The same day the EEOc filed suit, both parties agreed to settlement for 9.8 Million.
In closing, Adams, request, she is able to amend her complaint to include the specific damages, mentioned above by the EEOC, further claims, and that the court take judicial notice of both the issues and facts as dispositive to the claims before the court.


Respectfully submitted,

*[signature]*
Bahji Adams

10 n. Champlain St. 521

Burlington, VT 05401

802-310-4973

Feb. 5th 2018

3

I have serviced a copy of this REquest for Judicial Notice of the EEOC interpretation of ADA violations filed in court to opposing counsel this 5th Day of Feb. 2018

B. Adams
10 N. Champlain St 521
Burlington, VT
05401

Clerk of Court
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201