UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
BAHJI ADAMS,

Plaintiff,                                    **ORDER ADOPTING R&R**

     -against-
                                              16-CV-1986(KAM)(LB)
DELTA AIRLINES, INC.; RICHARD ANDERSON,
acting as CEO on behalf of Delta
Airlines,

Defendants.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

          Presently before the court is the Report and

Recommendation of United States Magistrate Judge Lois Bloom,

filed on December 18, 2017, recommending that that the motion to

dismiss (ECF No. 18) filed by defendants Delta Airlines, Inc.

("Delta") and its Chief Executive Officer, Richard Anderson

("Anderson," and together with Delta, "defendants"), be granted

in part and denied in part.  (Report and Recommendation re

Motion to Dismiss for Failure to State a Claim ("R&R"), ECF No.

25 at 1-2.)  Delta timely objected to Magistrate Bloom's R&R.

(Delta Objection to R&R ("Def. Obj."), ECF No. 26.)  Plaintiff

Bahji Adams, proceeding *pro se*, also objected to the R&R, though

her objections were received by the court after the objection

deadline had passed.  (Plaintiff Objection to R&R ("Pl. Obj."),

ECF No. 27.)  In any event, the court has undertaken a

comprehensive *de novo* review of the R&R and the record in light

of the written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).[1]

For the reasons set forth below, the court adopts Judge Bloom's

R&R in its entirety, except that, for the reasons set forth

below, the court declines to specify that the dismissal of

plaintiff's NYSHRL claim against Anderson is without prejudice.

## Background

The court assumes familiarity with the underlying

facts and procedural history, as set forth in greater detail in

the R&R. (*See* R&R at 1-4.) As relevant here, plaintiff alleges

that in 2014, while employed by Delta, she was diagnosed with

various left knee ailments that left her permanently impaired.

(*See* Amended Complaint ("Am. Compl.," or the "amended

complaint"), ECF No. 11, p. 12 ¶ 8-p. 12 ¶ 12; p.5 ¶ 20.)[2]

According to the amended complaint, in late May of 2014,

plaintiff informed her supervisor about her knee pain and

shortly thereafter, filed a workers' compensation claim, which

Delta denied. (*Id.* p.12 ¶ 12-p. 13 ¶ 13.) At some point,

plaintiff visited a doctor, who recommended that plaintiff limit

---

[1]     In addition to her objection to the R&R, plaintiff has submitted a
document styled as a "Request for Judicial Notice," (ECF No. 28), in which
plaintiff refers the court to an action commenced in the United States
District Court for the District of Arizona that did not involve any of the
parties to the instant action. (Request for Judicial Notice at 1.)
Plaintiff contends that this unrelated Arizona action is "dispositive [of]
the claims before the court" in this action. (*Id.* at 3.) The court
concludes that the Arizona action is not dispositive.
[2]     The paragraphs in the amended complaint are not numbered consecutively.
For this reason, citations to the amended complaint refer to both the page
number and the paragraph number.

"prolonged standing" and "be able to walk around." (*Id.* p.13 ¶ 14.) The amended complaint also annexes a report from "Associates in Orthopaedic Surgery" (Am. Compl. at 28 of 31),[3] stating that it "would help to change/rotate duty stations regularly."

After advising her supervisor of her knee pain, plaintiff continued working for Delta until June 20, 2014. (Am. Compl. p. 13 ¶ 15-p. 13 ¶ 16.) The amended complaint alleges that on or about that date, plaintiff "requested the ability to be able to sit-down to get off her knee," and in response was "sent home from work, with no return date." (*Id.* p. 13 ¶ 16.)

The amended complaint further alleges that on August 21, 2014, plaintiff met with Delta representatives and requested the use of a chair and a desk, which plaintiff alleges are available at other Delta airport locations, as a reasonable accommodation. (*Id.* p. 13 ¶ 17, p. 14 ¶ 19, p. 15 ¶ 25.) At some point in or after July of 2014, plaintiff expressed interest in a flight attendant position as a "reasonable accommodation." (*Id.* p. 11 ¶ 23.) Plaintiff alleges that a position as a flight attendant would allow her to "sit, stand, stretch, [and] take breaks." (*Id.*) Plaintiff's requests were

---

[3] Citations to the amended complaint generally reference the page numbers as indicated in the document itself. However, this citation, and as well as other citations that refer to a page number in the amended complaint in the format "__ of 31," references the pagination generated by the ECF system.

denied, and Delta placed plaintiff on "short-term disability leave which was [then] converted to [unpaid] medical leave" as of September 2014. (*Id.* p. 14 ¶ 18-p. 14 ¶ 19, p. 16 ¶ 26; *see also id.* p. 11 ¶ 23 (alleging that when plaintiff requested a transfer to a flight attendant position, Delta stated it would "attempt to return her to her prior position.")[4]

Plaintiff filed either a charge with the Equal Employment Opportunity Commission ("EEOC"), or a Massachusetts state charge that was dual-filed with the EEOC, and received a right to sue letter on January 19, 2016. (*Id.* p. 11 ¶ 25; *see also* EEOC Dismissal and Notice of Rights, ECF No. 1 at 29; R&R at 4 n.8 (noting possibility that Massachusetts state charge was filed and dual-filed with EEOC).) Plaintiff commenced the instant action on April 19, 2016, (*see* Initial Complaint, ECF No. 1), and filed her amended complaint on December 7, 2016. (*See* Am. Compl.)

Judge Bloom construed plaintiff's complaint to assert the following claims: a failure to accommodate claim under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12112, *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§

---

[4]     The amended complaint also alleges that plaintiff applied three times for a position as a Delta flight attendant, and was denied a position each time.  (Am. Compl. p. 14 ¶ 20, p. 15 ¶ 24.)

290, *et seq.;* a retaliation claim under the ADA, the
Rehabilitation Act, the NYSHRL, and Title VII of the Civil
Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §§
2000e, *et seq.;* a hostile work environment claim under the ADA,
Title VII, and the Rehabilitation Act; a civil rights claim
under 42 U.S.C. § 1983 ("section 1983"); and a claim under the
Federal Tort Claims Act ("FTCA").[5]  (*See* R&R.)

     Judge Bloom recommended that this court: (1) grant
defendants' motion to dismiss with respect to plaintiff's
federal claims against Anderson, plaintiff's claims under Title
VII, plaintiff's reasonable accommodation claim pertaining to
her request to transfer to a flight attendant position,
plaintiff's hostile work environment claims, and plaintiff's
claims under section 1983 and the FTCA; and (2) dismiss
plaintiff's state law claim against Anderson without prejudice.
(*Id.* at 20.)  Additionally, Judge Bloom recommended that this
court deny plaintiff leave to re-plead as to the dismissed
claims.  (*Id.* at 19.)  Judge Bloom further recommended that
plaintiff's claims against Delta alleging that it failed to
accommodate plaintiff's request for a desk and chair and

---

[5]    As Judge Bloom noted, Title VII does not prohibit discrimination on the basis of disability.  *Shortell v. Office of Court Admin.*, No. 12-CV-0534(BMC)(LB), 2012 WL 3230492, at *2 (E.D.N.Y. Aug. 6, 2012) (citing *Risco v. McHugh*, 868 F. Supp. 2d 75, 107 (S.D.N.Y. 2012)); *see also* 42 U.S.C. § 2000e-2(a)(1)-(2) (referring to "race, color, religion, sex, or national origin," but not disability).

retaliated against her, stated claims for violations of the ADA, the Rehabilitation Act, and the NYSHRL, and should proceed. (*Id.*)

## Legal Standard

### I. Review of R&R

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### II. Motions to Dismiss

A plaintiff's complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court evaluates the sufficiency of a complaint under a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, courts generally accept as true the well-pleaded factual allegations of a complaint, but are not bound to accept legal conclusions when examining the sufficiency of a complaint. *See id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Second, after the court assumes all well-pleaded facts to be true, the court must "determine whether they plausibly

give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679;
*see also Twombly*, 550 U.S. at 555-56.  A claim is plausible
"when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable
for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing
*Twombly*, 550 U.S. at 556).

Where a plaintiff proceeds *pro se*, courts must
construe the plaintiff's complaint "liberally" at the motion to
dismiss stage.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).
This means that the court must interpret a *pro se* complaint "to
raise the strongest arguments that [it] suggest[s]." *Pabon v.
Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v.
Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  Nonetheless, to
survive a motion to dismiss, a *pro se* complaint "must contain
sufficient factual allegations to meet the plausibility
standard." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir.
2012) (summary order) (citing *Harris*, 572 F.3d at 72).

## Discussion

## I.   Defendants' Objection

Judge Bloom recommended that this court deny the
defendants' motion to dismiss plaintiff's claims against Delta
alleging that it (1) failed to accommodate plaintiff's request
for a desk and chair and (2) retaliated against her in violation

of the ADA, the Rehabilitation Act, and the NYSHRL. Defendants
objected to this recommendation, and the court will consider
each objection *de novo*.

### A. Reasonable Accommodation[6]

Defendants contend in their objections that plaintiff
"admits she was hired by Delta as a temporary 'greeter' at JFK
airport and that her position required her to be available to
direct passengers to the proper security lines and check-in
counters in one of New York's busiest international airports."
(Def. Obj. at 2.) Accordingly, defendants assert, it is
"apparent on its face that Plaintiff's request that she be
provided a 'chair and desk' would have prevented her from
performing any of the functions of the 'greeter' position, and,
therefore, would not have been a reasonable accommodation as a
matter of law." (*Id.*) Defendants also contend that they
accommodated plaintiff by granting her "several weeks of medical
leave," which "was a reasonable accommodation in and of itself."
(*Id.* at 3.) These contentions are unavailing.

---

[6]     The court notes that, on the facts alleged here, it is appropriate to
analyze plaintiff's ADA, Rehabilitation Act, and NYSHRL reasonable
accommodation claims together and using the same legal standards. *See
Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) (noting that
the ADA and the Rehabilitation Act "impose identical requirements"); *Hong Yin
v. N. Shore LIJ Health Sys.*, 20 F. Supp. 3d 359, 376 (E.D.N.Y. 2014) (noting
that the NYSHRL's reasonable accommodation standards are the same as federal
ADA standards, though applicable to a broader range of disabilities).

The amended complaint alleges that "portable desk stations" are available to Delta employees at other airports, specifically LaGuardia and Atlanta. (Am. Compl. p. 14 ¶ 19, p. 14 ¶ 22, p. 15 ¶ 23; *see also* Am. Compl. pp. 5-6 ¶ 11 (referring to a "portable desk" as a reasonable accommodation).) Read liberally, the amended complaint also asserts that Delta employees stationed at portable desks in the Atlanta airport were able to assist Delta customers. (*See* Am. Compl. p. 14 ¶ 22 ("July 2nd, 2014, Delta employees at ATL sitting down with portable desk stations, saying, 'Let me Help you. see attached exhibit A, B, C.'" [sic]).)[7] At the Rule 12 motion to dismiss stage, assuming the truth of these factual statements, the amended complaint sufficiently alleges that that plaintiff could have performed her essential job functions had she been provided a portable desk and chair as a reasonable accommodation.

Further, defendants' contention that the "concept of Plaintiff sitting in a chair in the middle of JFK is implausible" appears to be based on defendants' allegations beyond the complaint regarding the volume of passenger traffic at JFK. (Def. Obj. at 2-3.) At the Rule 12 motion to dismiss stage, the court may only properly consider the amended

---

[7] The court notes that, although the cited material references exhibits purportedly depicting Delta employees sitting at portable desk stations and helping customers, no such exhibits are actually attached to plaintiff's amended complaint.

complaint and those documents integral to, incorporated by
reference in, or attached to it.  *Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted).  There
is nothing in the amended complaint or any attachments regarding
the volume of traffic at JFK airport, or any information as to
how the volume of pedestrian traffic might limit plaintiff's
ability to fulfill her job duties.  In deciding defendants' Rule
12(b)(6) motion, the court cannot consider defendants'
contentions to the extent they rely on information outside the
pleadings.

Similarly, defendants' contention that "the medical
leave provided to Plaintiff was a reasonable accommodation in
and of itself," (Def. Obj. at 3), does not suffice to warrant
dismissal at the Rule 12 motion to dismiss stage.  As Judge
Bloom correctly stated, at the Rule 12 stage, the employer
"bears the weighty burden of showing that the fact-intensive
inquiry prerequisite to a finding of reasonable accommodation
falls completely in its favor."  *Goonan v. Fed. Reserve Bank of
New York*, 916 F. Supp. 2d 470, 482 (S.D.N.Y. 2013) (citations
omitted).

Here, plaintiff alleges in her amended complaint that
medical leave was accompanied by a loss of remuneration, (Am.
Compl. pp. 8-9 ¶ 17), and was not a reasonable accommodation,

particularly in light of the amended complaint's above-discussed allegations that plaintiff could have performed her job duties had she been provided a desk and chair. On *de novo* review, the undersigned judge agrees with Judge Bloom that plaintiff has sufficiently alleged a failure to accommodate claim under the ADA, the Rehabilitation Act, and the NYSHRL. If defendants wish to establish the unreasonableness of a desk and chair, based on their contentions regarding the volume of traffic at JFK airport or otherwise, or to establish the reasonableness of medical leave, they may seek to do so at the summary judgment stage or at trial. *See Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 438 (E.D.N.Y. 2015) ("Whether an accommodation is 'reasonable' is more appropriately determined on summary judgment or by the factfinder at trial.").

### B. Retaliation Claim

Defendants object to Judge Bloom's recommendation to deny defendant's motion to dismiss plaintiff's retaliation claim under the ADA, the Rehabilitation Act, and the NYSHRL. Defendants do not object to Judge Bloom's recommendation that plaintiff's Title VII retaliation claim be dismissed.

Under the ADA, the Rehabilitation Act, and the NYSHRL, "[t]o establish a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in an activity protected by the

[relevant statute]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Vale*, 80 F. Supp. 3d at 438 (quoting *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)) (internal quotation marks omitted); *Treglia*, 313 F.3d at 719 ("The Rehabilitation Act and NYHRL contain similar provisions against retaliation and are governed in this respect by the same standards as the ADA." (citations omitted)). In the retaliation context, to show an adverse employment action, a "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Vale*, 80 F. Supp. 3d at 440 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Defendants contend that plaintiff's retaliation claim is an attempt to "recast her failure to accommodate claim as one for 'retaliation,'" and characterize the sole basis of the retaliation claim as plaintiff's "allegation that she was denied the particular accommodation she requested . . . after being granted medical leave instead." (Def. Obj. at 4.)

In support of their contention that plaintiff's retaliation claim is insufficient as a matter of law, defendants cite a case in which a plaintiff sought to characterize a denial of a request for an accommodation as an adverse employment action. *See Missick v. City of New York*, 707 F. Supp. 2d 336, 356-57 (E.D.N.Y. 2010) ("Defendants' alleged failure to accommodate her disability subsequent to an ADA, NYHRL, or NYCHRL protected request cannot be bootstrapped into a viable disability retaliation claim." (citing *Gomez v. Laidlaw Transit, Inc.*, 455 F. Supp. 2d 81, 90 (D. Conn. 2006) ("To the extent plaintiff claims that defendant's ongoing failure to accommodate her constituted retaliation, this claim is also insufficient as a matter of law."))).[8]

---

[8]    Defendants also cite *Daley v. Cablevision Systems Corporation*, in which a district court wrote that "any activity comprising Plaintiff's failure-to-accommodate claim cannot also constitute protected activity such as that required to form the basis of a retaliation claim." No. 12-CV-6316(NSR), 2016 WL 880203, at *7 (S.D.N.Y. Mar. 7, 2016) (quoting *Snowden v. Trustees of Columbia Univ.*, No. 12-CV-3095(GBD), 2014 WL 1274514, at *6 (S.D.N.Y. Mar. 26, 2014), *aff'd*, 612 F. Appx. 7 (2d Cir. 2015)), *aff'd*, 675 F. App'x 97 (2d Cir. 2017). On appeal, however, the Second Circuit called this statement into question. *See Daley v. Cablevision Sys. Corp.*, 675 F. App'x 97, 98 (2d Cir. 2017) ("The only potential error in the district court's thorough opinion was the court's conclusion that Daley's ADA retaliation claim could not be 'premised upon his request for an accommodation or participation in' Cablevision's job search accommodation process. It is not entirely clear whether that conclusion is correct under our case law." (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002))). The weight of authority indicates that a request for an accommodation can form the "protected activity" basis for a retaliation claim. *See Weixel*, 287 F.3d at 148-49 (concluding that plaintiff sufficiently alleged *prima facie* retaliation claim where protected activity was request for reasonable accommodation, and citing *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir. 1999) for the proposition that a retaliation claim may be based on a request for a reasonable accommodation). Additionally, the language from *Snowden*, that the district court cited in *Daley*, in turn cited *Missick*, which stands

13

Here, the amended complaint alleges that, on June 20, 2014, plaintiff "requested . . . to be able to sit-down to get off her knee, and presented [her] work restrictions[] that had previously been provided to Delta supervisors."  (Am. Compl. p. 13 ¶ 16; *see also* Am. Compl. p. 10 ¶ 21 (alleging that plaintiff presented medical documentation to supervisor on June 20, 2014).)  The complaint therefore alleges that on June 20, 2014, plaintiff engaged in protected activity by requesting an allegedly reasonable accommodation.  *See Weixel*, 287 F.3d at 149 ("First, plaintiffs do allege that they were seeking reasonable accommodation of Rose's disability – which constitutes protected activity under Section 504/ADA."); *accord Ugactz v. United Parcel Serv., Inc.*, No. 10-CV-1247(MKB) 2013 WL 1232355, at *19 (E.D.N.Y. Mar. 26, 2013) (citations omitted).

Further, read liberally and drawing all inferences in favor of the plaintiff, the amended complaint alleges that upon requesting a reasonable accommodation on June 20, 2014, plaintiff was directed to leave her place of employment and kept away for two months before placing her on leave, which, as discussed above, plaintiff contends was not reasonable.

---

only for the proposition that denial of a request for an accommodation cannot constitute an adverse employment action.  *See Daley*, 2016 WL 880203, at *7 (quoting *Snowden* 2014 WL 1274514, at *6); *see Snowden* 2014 WL 1274514 at *6 (citing *Missick,* 707 F. Supp. 2d at 356-57).  The court therefore finds unpersuasive defendants' citation to *Daley*.

Specifically, the complaint alleges that upon seeking an accommodation on June 20, 2014, plaintiff was "sent home from work, with no return date" and was "informed [that] she would be required to call-in-sick for the days she missed."[9] (Am. Compl. p. 13 ¶ 16.) Two months later, following a meeting between plaintiff and Delta to discuss reasonable accommodations on August 21, 2014, Delta placed plaintiff on "short-term disability leave, which was converted to a medical leave effective September . . . 2014." (*Id.* p. 13 ¶ 17-p. 14 ¶ 18.)

Therefore, the amended complaint alleges more than a mere denial of a request for an accommodation. Instead, read liberally and assuming the truth of the factual allegations contained therein, the amended complaint alleges that, upon plaintiff's request for an accommodation, Delta summarily and unreasonably directed plaintiff to leave her place of employment and kept her away for two months before formally placing her on leave. Additionally, as noted above, based on the assumed truth

---

[9] The court notes that the amended complaint is unclear as to the precise nature of plaintiff's "leave." Plaintiff's allegation that, on June 20, 2014, plaintiff was "sent home from work" indefinitely and "required to call-in-sick for the days she missed," (Am. Compl. p. 13 ¶ 16), read liberally, indicates that plaintiff was not formally placed on leave as of June 20, 2014. In another instance, however, the amended complaint states that defendants "placed Plaintiff on medical leave" on June 20, 2014. (Am. Compl. p. 9 ¶ 19.) The amended complaint also characterizes the "leave" on which Delta placed plaintiff as "forced medical leave when reasonable accommodations were available." (Am. Compl. at 5 of 31.) The court must construe plaintiff's amended complaint liberally, and therefore declines to adopt defendant's characterization of Delta's action on June 20, 2014 as consisting of placing plaintiff on leave as a reasonable accommodation.

of the allegations of the amended complaint, the court cannot conclude, at the motion to dismiss stage, that placing plaintiff on medical leave was a reasonable accommodation.

The court finds that plaintiff has sufficiently alleged that her request for an accommodation was met with more than a mere denial; it was met with an employment action that would dissuade a reasonable employee from requesting an accommodation. Accordingly, on *de novo* review, the court concludes that the amended complaint sufficiently alleges a materially adverse employment action, and defendants' motion to dismiss the retaliation claims is denied.

## II. Plaintiff's Objection

### A. Timeliness

By statute and under the Federal Rules of Civil Procedure, parties must submit objections to a report and recommendation within fourteen days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file a timely objection generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140, 142 (1985). Here, the R&R was served on December 18, 2018. Objections were therefore due on January 1, 2018.

Because January 1, 2018 was a federal holiday, the objection deadline was January 2, 2018 by operation of Rule 6(a)(1)(C). Although it is dated December 30, 2017, plaintiff's objection was not received until January 8, 2018. The court has nevertheless reviewed plaintiff's objection and finds it to be without merit.

### B.  Claims Against Anderson

Plaintiff asserts that her claims against Anderson should not be dismissed.  (Pl. Obj. at 1.)  Plaintiff's objection, however, does not mention Anderson again after the second sentence of her objection, and the basis for plaintiff's contention that her claims against Anderson should not be dismissed is therefore unclear.

The court has reviewed the amended complaint, the parties' submissions, and the R&R thoroughly, and adopts Judge Bloom's analysis and recommendation to dismiss the claims against Anderson.  Judge Bloom aptly applied the relevant law to the facts alleged in the amended complaint with respect to the claims asserted against Anderson.  Specifically, as Judge Bloom noted in the R&R, there is no right of recovery against individuals under the ADA, the Rehabilitation Act, or Title VII. (R&R at 15-16.)  Further, the facts alleged in the amended complaint do not sufficiently allege personal liability on

Anderson's part under the NYSHRL, and specifically sections
296(1) and (6) of the New York Executive Law.  (*Id.* at 16-17.)

C.    **Reasonable Accommodation**

Plaintiff contends that she has stated a reasonable
accommodation claim "pertaining to her request to transfer to a
flight attendant position."  (Pl. Obj. at 1.)

As Judge Bloom correctly observed, a plaintiff "does
not satisfy her burden to identify a potential accommodation
merely by reciting the formula that her employer could have
reassigned her. Instead, she must demonstrate the existence, at
or around the time when accommodation was sought, of an existing
vacant position to which she could have been reassigned."
*McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 97-98 (2d
Cir. 2009) (citations omitted).  Further, "the identified
position cannot be such that reassignment to it would have
involved a promotion."  *Id.* at 98-99 (citations omitted).

Plaintiff's objection contends that a transfer to a
flight attendant position would not involve a promotion because
"Delta's job description for a[] Flight Attendant specifically
reads, 'the average ***entry level*** Flight Attendant.'"  (Pl. Obj.
at 2.)  Plaintiff misapprehends the showing she must make.
Under the law of this Circuit as articulated in *McBride*,
plaintiff must establish that a transfer to a flight attendant

position, even an "entry level" one, would not constitute a promotion *from the job plaintiff held*. 583 F.3d at 98-99. In other words, plaintiff must establish that a transfer from her greeter position to a flight attendant position would not be a promotion. Even read liberally, the amended complaint does not allege any facts that, if true, would establish that a transfer to an entry-level flight attendant position would not constitute a promotion for plaintiff. Accordingly, on *de novo* review, the court agrees with, and adopts, Judge Bloom's recommendation that plaintiff's failure to accommodate claim regarding a flight attendant position be dismissed. (R&R at 12.)

### D. Hostile Work Environment

Plaintiff asserts that her "hostile work environment" claims should not be dismissed. (Pl. Obj. at 1.) Other than an assertion that defendants "subjected her to a hostile work environment," (*id.* at 12), plaintiff does not explain her basis for this contention.

As Judge Bloom observed, the Second Circuit "has not yet decided whether a hostile work environment claim may be made under the ADA." *Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.*, 586 F. App'x 739, 745 n.2 (2d Cir. 2014) (summary order) (citation omitted). The court need not resolve this question

because even if such a claim were available, plaintiff's amended complaint would not state one.

"The test for 'hostile work environment' has both an objective and a subjective component: 'A work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it.'" *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58 (2d Cir. 2004) (quoting *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999)). "Whether a reasonable person would find a given work environment to be hostile depends on the totality of the circumstances; 'considerations include: (1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's work performance.'" *Id.* (quoting *Brennan*, 192 F.3d at 319).

The amended complaint, even construed liberally, does not state sufficient factual matter that, if accepted as true, would establish that plaintiff subjectively perceived her workplace to be hostile, or that a reasonable person would find it hostile. Instead, the amended complaint is largely devoid of any allegations as to plaintiff's workplace environment and interactions with others. As Judge Bloom noted, the only

allegation in the complaint that could conceivably bear on the hostility of plaintiff's workplace is that a Delta employee in some manner compared plaintiff to the actress Amy Adams.  (R&R at 15; Compl. p. 14 ¶ 21.)  Even if the court could discern why plaintiff perceived the comment as hostile, the comment would at most constitute a single instance what plaintiff perceived to be a "mere offensive utterance," which does not suffice to state acclaim for a hostile work environment.  *Mormol*, 364 F.3d at 58 (citation omitted).

Upon *de novo* review, the court accordingly adopts Judge Bloom's recommendation that plaintiff's hostile workplace claim be dismissed.  (R&R at 15.)

### E.    Section 1981 and 1983 Claims

Plaintiff also contends that she "states both a 1981 claim and a 1983 claim for Delta Airlines."  (Pl. Obj. at 3.) Plaintiff therefore appears to invoke both sections 1983 and 1981 ("section 1981") of Title 42 of the United States Code. Plaintiff does not state a claim under either statute.

"To state a claim for relief in an action brought under [section] 1983, [a plaintiff] must establish that [he or she] we[as] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action

21

requirement of the Fourteenth Amendment, the under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks and citations omitted).

The amended complaint does not assert that any purported deprivation of plaintiff's rights occurred under color of state law. Plaintiff's objection to the R&R refers to purported collusion between defendants and a Vermont state official. (Pl. Obj. at 3-4.) The amended complaint, however, does not include any allegations regarding this conduct, and "it is well settled that a party may not amend its pleadings in its briefing papers." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) (quoting *Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 992 F. Supp. 2d 213, 219 (S.D.N.Y. 2013)); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

Moreover, it is wholly unclear how the Vermont official's purported actions mentioned in plaintiff's objection relate to the amended complaint's allegations. According to plaintiff's objection, the purported collusion involved the provision of certain information to defendants and "placing before this court false allegations against [plaintiff]." (Pl.

Obj. at 3-4.)  Plaintiff's objection therefore appears to assert

that the "collusion" took place after the events giving rise to

the causes of action asserted in the amended complaint.  Because

plaintiff does not sufficiently allege that the deprivation of

her rights occurred under color of state law, the court

concludes that plaintiff has not stated a section 1983 claim.

Unlike section 1983, section 1981 "extends to private

as well as state actors."  *Anderson v. Conboy*, 156 F.3d 167, 170

(2d Cir. 1998) (citations omitted).  Section 1981 provides that

> [a]ll persons within the jurisdiction of the
> United States shall have the same right in every
> State and Territory to make and enforce
> contracts, to sue, be parties, give evidence, and
> to the full and equal benefit of all laws and
> proceedings for the security of persons and
> property as is enjoyed by white citizens.

42 U.S.C. § 1981(a).

"Although [section] 1981 does not itself use the word

'race,' the [Supreme] Court has construed the section to forbid

all 'racial' discrimination in the making of private as well as

public contracts."  *Saint Francis Coll. v. Al-Khazraji*, 481 U.S.

604, 609 (1987) (citation omitted).  "To state a claim under

[section] 1981, a plaintiff must allege that (1) he or she is a

member of a protected class, (2) the defendant intentionally

discriminated against him or her on the basis of membership in

that protected class; and (3) the discrimination concerned one

of [section] 1981's enumerated activities." *Juarez v. Nw. Mut. Life Ins. Co.*, 69 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (citing *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000)).

The amended complaint is wholly silent as to plaintiff's race. Nothing in it suggests, much less sufficiently alleges, that plaintiff suffered race-based discrimination. Nor does the complaint allege any facts that touch on the enumerated activities in section 1981. Plaintiff therefore has not stated a section 1981 claim. The court therefore dismisses plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983.

**F.  Tort Claims**

Plaintiff contends that her "federal tort claims" should not be dismissed. (Pl. Obj. at 1.) It is not clear whether plaintiff objects to Judge Bloom's recommendation that plaintiff's FTCA claims be dismissed, (R&R at 18), contends that the amended complaint states tort claims under state law, or both.

Subject to certain exceptions not relevant to the instant action, the FTCA waives the United States' sovereign immunity for "claims against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while

acting in the scope of his office or employment, under
circumstances where the United States, if a private person,
would be liable to the claimant in accordance with the law of
the place where the act or omission occurred." *Liranzo v.
United States*, 690 F.3d 78, 85 (2d Cir. 2012) (quoting 28 U.S.C.
§ 1346(b)(1)). Here, plaintiff does not seek any recovery
against the United States arising from the actions or omissions
of any federal government employee acting in the scope of his or
her office or employment. Accordingly, plaintiff has not stated
an FTCA claim.

As to the existence of other tort claims, it appears
to the court that plaintiff, in effect, seeks to assert her
various statutory causes of action as tort claims. (*See* Pl.
Obj. at 5-7 (referring to alleged failure to accommodate as
"tortious conduct").) Plaintiff's recourse for her statutory
claims is an action under the relevant statute, not a state law
cause of action in tort. The court also notes that plaintiff's
objection refers to "malicious prosecution," (*id.* at 6), but the
amended complaint does not reference any prosecution. Plaintiff
therefore does not state a tort claim on the basis of purported
violations of her statutory rights under applicable state or
federal law, or on the basis of any malicious prosecution.
Finally, the court has carefully reviewed plaintiff's amended

complaint and concludes that it does not sufficiently allege any state law tort claim against defendants.

## Conclusion

For the foregoing reasons, and upon *de novo* review, the court affirms and adopts Judge Bloom's recommendations with a minor modification. As Judge Bloom recommended, the case will proceed to discovery under Judge Bloom's supervision only on plaintiff's claims against Delta alleging that it failed to accommodate plaintiff's request for a desk and chair and retaliated against her in violation of the ADA, the Rehabilitation Act, and the NYSHRL. (R&R at 20.)

Plaintiff's federal claims against defendant Anderson, Title VII claims, reasonable accommodation claim pertaining to her request to transfer to a flight attendant position, hostile work environment claim, and claims under section 1983, section 1981, the FTCA, and state tort law are dismissed with prejudice. Plaintiff's NYSHRL claim against Anderson is also dismissed.[10]

Further, although leave to amend a complaint should be freely given, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or

---

[10]   The R&R recommended that plaintiff's NYSHRL claim against Anderson be dismissed "without prejudice," (R&R at 20), but because, as stated herein, plaintiff has had two opportunities to plead her complaint and has not pleaded any facts suggesting a viable NYSHRL claim against Anderson, the court will not so limit the dismissal of this claim.

undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted). Here, plaintiff has had two opportunities to plead her complaint and has not pleaded any facts that suggest that her dismissed claims may be viable. Additionally, with respect to plaintiff's 1983 and FTCA claims, "[t]he problem[s] . . . [are] substantive [and] better pleading will not cure [them]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, plaintiff is denied leave to further amend her complaint. The Clerk of Court is respectfully requested to serve a copy of this order on plaintiff at her address of record and to note service on the docket. The parties are respectfully directed to Judge Bloom for supervision of discovery with respect to plaintiff's surviving causes of action.

**SO ORDERED.**

Dated:      March 29, 2018
            Brooklyn, New York

_____/s/_____
                    Hon. Kiyo A. Matsumoto
                    United States District Judge