UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BAHJI ADAMS,

                Plaintiff,                 **REPORT AND RECOMMENDATION**
                                                                      **16 CV 1986 (KAM)(LB)**

   -against-

DELTA AIRLINES, INC.,

                Defendant.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Bahji Adams brings this *pro se* civil action against defendant Delta Airlines, Inc. ("Delta") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et. seq., the Rehabilitation Act, 29 U.S.C. § 701 et. seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. § 290 et. seq. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d).

**BACKGROUND AND PROCEDURAL HISTORY**

        Plaintiff filed her complaint, commencing this action, on April 19, 2016. ECF No. 1. After defendant stated its intention to file a motion to dismiss, plaintiff filed an amended complaint. ECF No. 11. Defendant then moved to dismiss the amended complaint. ECF Nos. 18-20. The Court granted defendant's motion in part and denied it in part; plaintiff's claims against Delta under the ADA, the Rehabilitation Act, and the NYSHRL proceeded to discovery.[1] ECF No. 29.

---

[1] The claims against defendant Richard Anderson, Delta's CEO, were dismissed in their entirety. ECF No. 29.

After ruling on defendant's motion to dismiss, the Court held a telephone conference on January 31, 2019. ECF No. 44. During the conference, the Court set discovery deadlines and ordered the parties to complete all discovery by May 15, 2019. Id. The Court's post-conference discovery order stated that plaintiff "shall be required to appear in New York for her deposition."[2] Id. at 2. After the conference, although the Court clearly stated that plaintiff shall appear in New York for her deposition, plaintiff served a motion to compel which, among other requests, sought an order "that any and all depositions be done by writing." ECF No. 45-1. Defendant Delta objected to that request and noted, as the Court had during the January 31, 2019 conference, that "plaintiff chose to file this action in…New York…[and] [s]he cannot object to coming to the forum district to be deposed." ECF No. 45, at 3. Delta stated that plaintiff's deposition was noticed for

---

[2] Although remote depositions have become common place in light of the COVID-19 pandemic, this was previously not the norm. The Court's orders that plaintiff appear in New York for her deposition were all issued well before the onset of the COVID-19 pandemic. The party noticing a deposition has the right to choose its location. Buzzeo v. Bd. Of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citing 7 Moore's Fed. Practice, § 30.20(1)(b)(ii)). Although a defendant's deposition is usually conducted at its place of residence, the plaintiff, as the party who initiated the lawsuit and selected the forum state, must bear the reasonable burdens presented by litigating the action. Id. (first quoting Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987); then quoting Gulf Union Ins. Co. v. M/V Lacerta, No. 91 Civ. 2814(PKL), 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992)). Generally, "a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." City of Perry, Iowa v. Protector & Gamble Company, No. 15-CV-8051(JMF), 2017 WL 2656250, at *1 (S.D.N.Y. June 20, 2017) (internal quotation marks omitted) (quoting Estate of Gerasmienko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011). Local Courts have "long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for depositions in this forum absent compelling circumstances." Clem v. Allied Van Lines Intern. Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984) (citing Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. V. Steinway & Sons, 54 F.R.D. 280 (S.D.N.Y. 1971)); but see Normande v. Grippo, No. 01 Civ 7441 (JSR)(THK), 2002 WL 59427, at *2 (S.D.N.Y. Jan. 16, 2002) (discussing circumstances in which alternative methods of deposition are permissible). A deposition through written questions is simply not the same as an oral "face-to-face" examination. See Daly v. Delta Airlines, Inc., No. 90 Civ. 5700 (MEL), 1991 WL 33392, at *1 (S.D.N.Y. Mar. 7, 1991). There is no absolute rule that a nonresident plaintiff must be deposed in the forum state and Courts in this Circuit will balance the hardship to plaintiff against the prejudice to be suffered by defendants. See Estate of Gerasmienko, 272 F.R.D. at 387 (quoting Normande, 2002 WL 59427, at *1-2 (S.D.N.Y. Jan 16, 2002)). In challenging the location of a deposition, plaintiff must show "good cause" bearing on the issues of "cost, convenience, and litigation efficiency." Hui Wang v. Omni Hotels Management Corporation, No. 18-CV-2000 (CSH), 2019 WL 2083296, at * 7 (D. Conn. May 13, 2019) (quoting Brockway v. Veterans Admin. Healthcare Sys., 10-CV-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011). This requires plaintiff to provide evidence of a claimed hardship, not just her allegations of inability to attend a scheduled deposition. Id. (denying a request for a change in deposition location where plaintiff, who lived in China, did not provide evidence to support her request); see also Estate of Gerasmienko, 272 F.R.D. 388-90 (permitting a deposition by alternate means where plaintiff provided a sworn declaration and exhibits detailing her inability to attend her deposition in person). Here, plaintiff did not meet this burden.

May 8, 2019 but reiterated that it was willing to work with plaintiff to accommodate her schedule. Id. Delta also opposed plaintiff's request for a protective order seeking to prevent disclosure of her medical records on the ground that she "put her physical condition at issue by alleging that she has a disability." Id. Delta requested that the Court hold a conference to address these discovery issues. Id.

I scheduled a telephone conference for April 30, 2019 to address plaintiff's motion to compel and defendant's opposition. ECF No. 47. Prior to the conference, plaintiff filed a document captioned "Amended Motion to Compel Discovery and Motion for Deposition to be taken in Writing." ECF No. 52. Delta responded by stating that because plaintiff chose to file this action in New York, she cannot object to being deposed in the forum state. ECF No. 48.

During the April 30, 2019 conference, I denied plaintiff's motions to compel and for a protective order. ECF No. 55. I again ordered plaintiff to appear in New York at defendant's counsel's office for her deposition and that the deposition occur on or before June 24, 2019. Id.

On May 2, 2019, defendant Delta moved to compel responses to discovery requests that were previously served on plaintiff on the grounds that plaintiff's proffered responses were deficient. ECF No. 57. Delta also requested relief from any obligation to respond to plaintiff's 147 Requests for Admission ("RFAs") on the ground that they were improper. ECF No. 57, at 1-2. On May 17, 2019, I held a telephone conference to address Delta's requests, granted its motion to compel, and ordered plaintiff to serve new responses by June 17, 2019. ECF No. 61. I also stayed any obligation for Delta to respond to plaintiff's RFAs until plaintiff first responded to Delta's discovery requests. Id. Plaintiff was warned that I would recommend that her case should be dismissed if she failed to comply with my discovery orders. Id.

Plaintiff appealed my discovery orders, ECF Nos. 59, 64, and the Orders were affirmed. See Electronic Order dated June 11, 2019. Plaintiff then sought an interlocutory appeal in the Court of Appeals which dismissed the appeal on jurisdictional grounds. ECF Nos. 66, 70. Plaintiff never complied with the Court's discovery orders and, in response, defendant sought relief, "up to and including dismissal" of the action. ECF No. 67.

The Court held a telephone conference on November 20, 2019 and again informed defendant that she was required to appear for her deposition in New York. Nov. 20, 2019 Conf. Tr. 2:24-3:1, ECF No. 75 (hereinafter "Tr."). Plaintiff stated that she would be requesting an exemption. Tr. 3:2-6. The Court told plaintiff that she would have to supply a date when she would appear for her deposition in New York or I would recommend that this case should be dismissed. Tr. 3:23-4:1. Plaintiff stated that she objected to any requirement that she comply with the Court's Order. Tr. 4:5-7, 4:13-16. The Court stated, "I will reiterate one more time and give you one other chance to say that yes, if you have to appear in New York, you will appear in New York. That is the order of the Court." Tr. 4:17-20. Plaintiff responded that her "impairment and…financial situation" would not allow her to comply with the Court's Order. Tr. 4:24-5:3. The Court stated "[s]o the last that I will ask is, are you going to comply with the Court's order from April 30th and appear for your deposition in New York?" Tr. 6:4-6. Plaintiff again stated she would be unable to comply. Tr. 6:10-13. The Court told plaintiff that it would recommend that the case should be dismissed, and plaintiff would have an opportunity to object to that recommendation. Tr. 7:17-21.

The November 20, 2019 conference was the last of at least six conferences this Court held with the parties to try to move the case through discovery. The Court ordered plaintiff to appear in New York for her deposition during several of these conferences and plaintiff was explicitly warned that I would recommend that her case should be dismissed if she failed to comply with the

4

Court's order. Plaintiff never responded to defendants outstanding discovery requests and never scheduled her deposition in New York.

## DISCUSSION

When a party fails to abide by the Court's Order to provide discovery or appear for its deposition, the Court may issue a variety of sanctions including dismissing the action. FED. R. CIV. P. 37(b)(2)(A)(i)-(vii), 37(d). The imposition of sanctions is a matter within the district court's discretion, but the Court must warn the disobeying party of the consequences of noncompliance before ordering dismissal. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). "*Pro se* litigants…are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

When considering dismissal, the Court should consider: (1) "the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of…noncompliance." Id. 302-03 (internal quotation marks omitted) (citing Nieves v. City of New York, 208 F.RD. 532, 535 (S.D.N.Y. 2002)). Dismissal is appropriate where a litigant fails to obey the Court's "orders despite repeated warnings that his conduct would result in dismissal." Galeano v. US Custom Serv., 225 F.3d 645, *2 (2d Cir. 2000) (summary order). Although a severe sanction, dismissal is necessary not only to penalize a noncompliant party but also to deter others from engaging in similar conduct. Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (quoting National Hockey League v. Metropolitan Hockey, Club, Inc., 427 U.S. 639, 643 (1976)).

Here, plaintiff refused to comply with the Court's Orders despite repeated warnings that her conduct would result in dismissal. On January 31, 2019, I set discovery deadlines and ordered plaintiff to appear in New York for her deposition. ECF No. 44. On April 30, 2019, I again ordered plaintiff to appear in New York for her deposition and directed plaintiff to confer with defendant's counsel to schedule the deposition. ECF No. 55. Judge Matsumoto affirmed this Order on June 11, 2019 and ordered plaintiff to "comply with all discovery orders". See Electronic Order dated June 11, 2019. Despite this Court's Order, Judge Matsumoto's Order, and the Order of the Court of Appeals, plaintiff refused to schedule her deposition. During the November 20, 2019 phone conference, plaintiff was given three opportunities to agree that she would appear for her deposition and was explicitly warned that failure to appear for her deposition in New York would result in my recommendation that the case should be dismissed. See ECF 75. On each occasion, plaintiff refused to schedule her deposition and stated that she would be unable to comply with the Court's Order. Id.

Given plaintiff's repeated refusal to comply with the Court's orders, any sanction short of dismissal would be futile. See S.E.C. v. Setteducate, 419 Fed. Appx. 23, 25 (2d Cir. 2011) (summary order) (affirming a default judgment against a defendant for "unwavering refusal" to be deposed and finding that lesser sanctions would be ineffective). Plaintiff's behavior "reveals…sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders…would result in the dismissal of" her action. Valentine, 29 F.3d at 50.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 37(d).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                  /S/
                                              LOIS BLOOM
                                              United States Magistrate Judge

Dated: April 20, 2021
       Brooklyn, New York